UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ROGER THOMAS BEECHAM,** | ) | **Case No. 05-54525** |
| | ) | |
| | ) | **Hon. John H. Squires** |
| Debtor. | ) | |
| | ) | Hearing Date: Thursday, Sept. 7, 2006 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | |

## NOTICE OF MOTION

TO:  See Attached Service List

**PLEASE TAKE NOTICE** that on **September 7, 2006 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable John H. Squires**, Bankruptcy Judge, in the room usually occupied by him as Courtroom 680 in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present the **FINAL APPLICATION OF SHAW GUSSIS, COUNSEL TO THE DEBTOR, FOR THE ALLOWANCE AND PAYMENT OF COMPENSATION, REIMBURSEMENT OF EXPENSES AND RELATED RELIEF**, a copy of which is herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Roger Thomas Beecham

Date: August 10, 2006                    By:    /s/ Ann E. Stockman
                                                One of his attorneys

Steven B. Towbin (#2848546)
Ann E. Stockman (#6273108)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151  telephone
(312) 980-3888  facsimile
*Counsel for Roger Thomas Beecham*

{5289 NOM A0105735.DOC 4}

## CERTIFICATE OF SERVICE

Ann E. Stockman certifies that she caused to be served true copies of the above and foregoing **NOTICE OF MOTION and FINAL APPLICATION OF SHAW GUSSIS, COUNSEL TO THE DEBTOR, FOR THE ALLOWANCE AND PAYMENT OF COMPENSATION, REIMBURSEMENT OF EXPENSES AND RELATED RELIEF** upon the attached Service List by depositing the same in the U.S. Mail located at 321 North Clark Street, Chicago, Illinois before the hour of 5:00 p.m., on this 10th day of August, 2006.

                                                               /s/ Ann E. Stockman

# ROGER THOMAS BEECHAM
## Case No. 05-54525

### SERVICE LIST

Kathryn M. Gleason
Office of the U.S. Trustee
227 West Monroe St., Suite 3350
Chicago, IL 60606
(312) 886-3327 phone
(312) 886-5794 fax
Kathryn.M.Gleason@usdoj.gov

Richard J. Mason
McGuire Woods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601-1815
(312) 750-3527 phone
(312) 849-3690 fax
rmason@mcguirewoods.com

Thomas A. Brown
Swanson and Brown, Ltd.
12600 South Harlem Ave., Suite 202
Palos Heights, IL 60463
(708) 361-3434 phone
(708) 361-1738 fax
tabsbltd@aol.com

August A. Pilati
Gesas Pilati and Gesas Ltd.
53 West Jackson Blvd., Suite 528
Chicago, IL 60604
(312) 726-3100 phone
(312) 939-1742 fax
apilati@gpgglaw.com

Michael J. Kalkowski
Fisher and Shapiro, LLC
4201 Lake Cook Road
Northbrook, IL 60062

R. Thomas Beecham
8525 Kearney Road
Downers Grove, IL 60516

First National Bank of Ottawa
Attn: Mark Stoudt
701 LaSalle Street
Ottawa, IL 61350

Founders Bank
Attn: Mark Fecht
6825 West 111th Street
Worth, IL 60482

Jernberg Holdings, Inc.
Attn: Steven Mellos
328 West 40th Place
Chicago, IL 60609

LaSalle Bank, N.A.
Attn: John M. Schuessler
135 South LaSalle St., Suite 2150
Chicago, IL 60603

LaSalle Bank, N.A.
Attn: John Thurston
135 S. LaSalle Street
Chicago, IL 60603

LaSalle Bank, N.A.
Attn: Manager, RE Administration
135 South LaSalle St., Suite 1225
Chicago, IL 60603

Mannheim Auto Finance Service
Attn: Donna Fletcher
20401 Cox Avenue
Matteson, IL 60443

RBS Lombard, Inc.
222 S. Riverside Plaza, 15th Floor
Chicago, IL 60606

{5289 NOF A0127461.DOC}

Wells Fargo Bank, N.A.
c/o McCalla, Raymer, et al.
Bankruptcy Department
1544 Old Alabama Road
Roswell, CA 30076

Todd A. Rowden
Riffner, Barber, Rowden & Manassa LLC
1834 Walden Office Square, Suite 500
Schaumburg, IL 60173-4292

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-54525 |
| ROGER THOMAS BEECHAM, | ) | Hon. John H. Squires |
| | ) | Hearing Date:   September 7, 2006 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |

## FINAL APPLICATION OF SHAW GUSSIS, COUNSEL TO THE DEBTOR, FOR THE ALLOWANCE AND PAYMENT OF COMPENSATION, REIMBURSEMENT OF EXPENSES AND RELATED RELIEF

Steven B. Towbin and the law firm of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC (collectively, "Shaw Gussis") applies to this Court (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2002(a)(6), 2002(i), 2016(a) and 9007 for the allowance and payment of $81,543.50 in compensation for 262.10 hours of professional services rendered on behalf of Roger Thomas Beecham (the "Debtor"), and for the reimbursement of $5,092.33 for costs incurred incidental to those services during the period of March 1, 2006 to July 13, 2006 (the "Application Period"). In support of this Application, Shaw Gussis respectfully represents as follows:

### BACKGROUND

1.   On October 14, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee has been appointed for the Debtor's estate and the Debtor has continued to administer his estate as a debtor in possession within the meaning of 11 U.S.C. § 1101(1). As a debtor in possession, the Debtor has substantially all of the rights, powers and duties of a trustee appointed under chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1107(a).

{5289 APPL A0137811.DOC}

2. On July 13, 2006, this Court confirmed the Debtor's Second Amended Chapter 11 Plan.

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## RETENTION OF SHAW GUSSIS

4. On or about October 24, 2005, the Debtor applied to this Court for an order approving the retention of Shaw Gussis as his general bankruptcy counsel in connection with this chapter 11 case. On October 31, 2005, this Court entered an order (the "Retention Order") authorizing the Debtor to employ Shaw Gussis.

## GENERAL STATUS OF THE CASE

5. After filing his chapter 11 case, the Debtor planned to liquidate his non-exempt assets and develop a plan of reorganization. On February 28, 2006, the Debtor filed his Plan of Liquidation (the "Plan") and his Disclosure Statement in support of the Plan with the Court.

6. Since the Petition Date, the Debtor has begun the orderly liquidation process of his non-exempt assets. To date, the Debtor has obtained authority from the Court to liquidate a majority of those assets, including certain real property located in Downers Grove, Illinois and Holland, Michigan and his interests in certain business entities.

7. The Debtor has filed omnibus objections to claims filed against his estate by trade creditors and former employees of JII Liquidating, Inc., f/k/a Jernberg Industries, Inc., Jernberg Sales, Inc. and Iron Mountain Industries, LLC (collectively, the "Jernberg Companies") and has also attempted to resolve claims by and against his former employer, Haephaestus Holdings, Inc. (with its affiliates, collectively "HHI"), in connection with certain shareholder loan obligations and claims for severance pay and insurance benefits.

8.  The Debtor has also attempted to negate or diminish various loan guarantee liabilities of Joseph William Giffune ("Giffune") and Thomas H. McDonald ("McDonald"), who have also filed chapter 11 cases in this Court, to Midwest Bank & Trust Company ("Midwest") and LaSalle Bank, N.A. ("LaSalle") through his assistance in liquidating the lenders' collateral.

9.  During the Application Period, the Debtor responded to various creditor concerns and inquiries regarding the Plan and Disclosure Statement by filing appropriate amendments thereto. The Debtor's Second Amended Plan was confirmed by this Court on July 13, 2006.

### THE SERVICES RENDERED BY SHAW GUSSIS GENERALLY

10. In the aggregate, Shaw Gussis' attorneys have spent in excess of 220 hours providing professional services on behalf of the Debtor in connection with this chapter 11 case from March 1, 2006 through July 13, 2006. All of the services for which compensation is requested were services which, in Shaw Gussis' billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such services.

11. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Gussis' services during the Application Period, and in compliance with Local Rule 5082-1, Shaw Gussis has classified its services into six (6) separate categories of services which are included as separate appendices to this Application. The following are the generalized subject matters for each appendix:

**Appendix 1:** Services pertaining to general case administration including participating in hearings, meetings, telephone conferences and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon.

**Appendix 2:** Services pertaining to general creditor issues and disputes including but not limited to communications and correspondence with individual creditors. Also includes objecting to claims, including without limitation, claims made by Richard Mason, not individually, but as chapter 7 trustee of the Jernberg Companies (the "Jernberg Trustee").

**Appendix 3:** Services pertaining to the preparation of the interim fee application.

**Appendix 4:** Services pertaining to the Debtor's preparation, negotiation and confirmation of the Plan and Disclosure Statement.

**Appendix 5:** Services pertaining to the disposition of the property of the Debtor's estate.

**Appendix 6:** Services pertaining to the liquidation of the Debtor's real estate in Downers Grove.

12. All of the services for which compensation is requested were rendered in connection with the Debtor's chapter 11 case and related contested matters. All of the time described in the annexed appendices represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Gussis who rendered the described services. In certain instances, the time reflected in the appendices has been reduced in an effort by Shaw Gussis to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive services.

### SERVICES RENDERED BY SHAW GUSSIS – CATEGORIZED BY MATTER

13. The professional services that Shaw Gussis rendered during the Application Period are grouped into the numbered categories described below.

**Appendix 1: General Case Administration (Fees: $3,400.50 / Hours: 10.80)**

14. This subject matter includes services rendered in connection with the general administration of the Debtor's case. With respect to the general administration of the case, this matter includes: (i) participating in hearings, meetings, telephone conferences and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon; (ii) preparing for and participating in discussions with the Debtor regarding the continued administration of the case; and (iii) services that are not otherwise classified below. As required by Local Rule 5082-

{5289 APPL A0137811.DOC}                                4

1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 1.

**Appendix 2:   General Creditor Issues and Disputes (Fees: $27,666.50 / Hours: 85.70)**

15.   This subject matter includes services rendered in connection with general creditor issues and creditor disputes. Specifically, this subject matter includes (i) communicating and corresponding with various creditors asserting an interest in the Debtor's case; (ii) preparing and prosecuting the omnibus claim objections and (iii) communicating and corresponding with the Jernberg Trustee, responding to his requests for discovery and depositions, preparing a motion for summary judgment and engaging in settlement discussions with the Jernberg Trustee and counsel for Midwest regarding the claims asserted against the estate by the Jernberg Trustee. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 2.

**Appendix 3:   Fee Applications (Fees: $3,905.00 / Hours: 14.20)**

16.   This subject matter includes services rendered in connection with preparation of the interim fee application for the Debtor's estate, including: (1) reviewing and evaluating the time spent by each attorney or paralegal; (2) compiling reports detailing time spent, and describing the services performed, by employees of Shaw Gussis; and (3) preparing and filing the application with the Court. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 3.

**Appendix 4:   Negotiating, Drafting and Confirming the Plan
(Fees: $17,851.00 / Hours: 59.10)**

17.   This subject matter includes services rendered in connection with negotiating and drafting amendments to the Plan and the Disclosure Statement in this case. Specifically, this subject matter includes: (i) revising the Debtor's Disclosure Statement and Plan in response to

creditor objections and ongoing events in the case; (ii) preparing and counting ballots for creditors entitled to vote on the Plan; (iii) responding to inquiries from creditors and parties in interest regarding the Plan and (iv) confirming the Plan. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 4.

**Appendix 5:    Asset Dispositions (Fees: $14,294.50 / Hours: 51.40)**

18.    This subject matter includes services rendered in connection with the sale and disposition of the Debtor's assets. Specifically, this subject matter includes: (i) communicating and corresponding with potential purchasers of the Debtor's non-exempt personal assets and (ii) negotiating sales of the assets of Beecham Motorsport Services, Inc., a sale of the real estate owned by Paradise Motorgroup, Inc. ("Paradise") in order to obtain a release of the Debtor, Giffune and McDonald's guarantee obligations to LaSalle with respect to Paradise, a sale of the Debtor's interest in Paradise, and the sales of the Debtor's real estate in Holland, Michigan. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 5.

**Appendix 6:    Kearney Road Sale (Fees and Expenses: $14,434.90 / Hours: 40.90)**

19.    This subject matter includes services rendered in connection with the sale of the Debtor's real estate located on Kearney Road in Downers Grove, Illinois (the "Kearney Road Property"). Specifically, this subject matter includes (i) marketing the Kearney Road Property; (iii) preparing and presenting a motion to approve the sale of the Kearney Road Property; and (iii) closing the sale of the Kearney Road Property. Pursuant to an agreement reached among certain interested parties, the legal fees and expenses incurred in connection with the sale of the Kearney Road Property, in an amount up to $15,000, will not be paid from the Debtor's estate

but from outside sources.[1] Accordingly, this Application seeks allowance of the fees and expenses, but does not seek payment of such allowance from the estate. As required by Local Rule 5082-1(c), a detailed statement of services rendered in connection with this subject matter is annexed hereto as Exhibit 6.

## SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

20. In summary, the lodestar amount of compensation sought with respect to the six categories of services set forth above is $ 81,543.50 (the "Lodestar Amount"). In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned categories is set forth at Exhibit 7 and can be summarized as follows:

### PROFESSIONAL RATE CHART

| Professional | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Steven B. Towbin | Partner | $525 | 35.50 | $18,637.50 |
| Richard M. Fogel | Of Counsel | $380 | 54.20 | $20,596.00 |
| Ann E. Stockman | Associate | $275 | 91.90 | $25,272.50 |
| Mark L. Radtke | Associate | $275 | 18.60 | $5,115.00 |
| All Other Professionals | Various | $193[2] | 61.90 | $11,922.50 |
| | | **Total:** | **262.10** | **$81,543.50** |

21. The hourly rates charged by Shaw Gussis with respect to the Debtor's case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys

---

[1] Pursuant to agreement, up to $15,000 of the fees incurred by Shaw Gussis in connection with the sale of the Kearney Road Property will be paid by Midwest Bank & Trust Co., Judith Beecham, Kathleen Giffune, Mary McDonald and M. Eldon Wheeler. Since total fees for the sale amounted to $14,426.00, the entire costs of the sale will be borne by the aforementioned parties rather than the Debtor's estate.

[2] All professionals who spent less than 10 hours of time were grouped into this category and the rate stated represents the average rate of such professionals.

and paralegals with similar experience and expertise as the Shaw Gussis attorneys and paralegals providing services to the Debtor in connection with this case. Further, the amount of time spent by Shaw Gussis with respect to the Debtor's chapter 11 case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake and the sophistication and experience of opposing counsel.[3]

22.   The Lodestar Amount for all of the services rendered by Shaw Gussis during the Application Period is $81,543.50. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that the Lodestar Amount represents a fair and reasonable amount for the allowance of compensation in this case.

## THE EXPENSES REQUESTED

23.   All of the expenses for which reimbursement is requested are expenses which Shaw Gussis customarily recoups from all of its clients. The types of costs for which reimbursement is sought are listed below:

---

[3] When working on items that were applicable not only to the Debtor's case, but that also applied to the cases of Joseph William Giffune and Thomas McDonald, Shaw Gussis billed one-third of the total professional fees incurred in connection with such item to each of the 3 estates. This practice resulted in substantial savings to each estate since the debtor were able to split the professional fees rather than be individually responsible for the entire amount related to such item.

| Internal Photocopy | 10¢ per page |
|---|---|
| Commercial/Court Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Long Distance Telephone | actual cost |
| Local Telephone | no charge |
| Outgoing Facsimiles | no charge |
| Incoming Facsimiles | no charge |
| On Line Legal or Factual Research (Westlaw/Lexis/Pacer) | actual cost |
| Postage - when over $1.00 (no charge for routine postage on items less than $1.00) | actual cost |
| Overnight Delivery (*e.g.*, Federal Express) | actual cost |
| Filing/Recording Fees | actual cost |
| Deposition Costs | actual cost |
| Local and Long Distance Travel | actual cost |

24. The specific expenses for which reimbursement is requested during the Application Period are as follows:

| Internal Photocopy | $3,305.10 |
|---|---|
| On Line Legal or Factual Research (Westlaw/Lexis/Pacer) | $224.06 |
| Postage | $420.02 |
| Telephone Charges (Long Distance) | $11.04 |
| Messenger | $31.16 |
| Clerk of the US Bankruptcy Court (Filing Fees) | $62.00 |
| Local travel (cabfare) | $37.00 |
| Filing/Recording Fees/Miscellaneous | $378.33 |
| Deposition Costs | $557.05 |
| Overnight Delivery (*e.g.*, Federal Express) | $66.57 |
| **TOTAL:** | **$5,092.33** |

25. All of the expenses for which reimbursement is sought are costs actually borne by Shaw Gussis and were necessarily incurred in connection with this case. With respect to PACER and WESTLAW expenses incurred by Shaw Gussis, Shaw Gussis is requesting the reimbursement of $78.40 related to PACER and $145.66 related to WESTLAW research of (1)

{5289 APPL A0137811.DOC}  9

legal authority in support of the Debtor's motion for summary judgment dismissing the claims asserted by the Jernberg Trustee and (2) legal authority in support of the exemption of Debtor's Michigan properties.[4] As noted previously, all of the expenses for which reimbursement is requested are of the type and amount of expense that Shaw Gussis customarily recoups from all of Shaw Gussis's clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts. Annexed hereto as Exhibit 8 is an itemization for all expenses for which reimbursement is sought by this Application.

### COMPENSATION AND EXPENSES RECEIVED TO DATE BY SHAW GUSSIS

26. On April 5, 2006, Shaw Gussis filed its Application for the allowance of interim compensation and reimbursement of expenses (the "Interim Application") for the period of October 14, 2005 to February 28, 2006. In the Interim Application, Shaw Gussis sought compensation of $66,604.50 relating to 191.40 hours of actual services rendered and reimbursement of actual expenses incurred in the amount of $4,204.04. On April 27, 2006, this Court entered an order allowing compensation of $66,604.50 and reimbursement of expenses of $4,204.04, totaling $70,808.54 (the "First Order"). Shaw Gussis seeks reaffirmation of the compensation and expenses allowed in the First Order, which have been fully paid.

### ADDITIONAL COMPENSATION AND EXPENSES REQUESTED

27. During the Application Period, Shaw Gussis seeks allowance of compensation and expenses totaling $86,635.83. Shaw Gussis obtained an advance payment retainer of $44,000 from the Debtor prior to the Petition Date and Shaw Gussis will (i) keep $20,000 this amount as a retainer against future post-confirmation services and (ii) apply $24,000 towards the

---

[4] The cost of this research was shared with the estate of Joseph William Giffune.

total compensation allowed.[5] Accordingly, Shaw Gussis requests the Court allow the Debtor's payments of $62,635.83 to Shaw Gussis from the funds of the Debtor's estate, representing the total requested amount requested for compensation and reimbursement during the Application Period less (i) the $24,000 of funds to be applied from the retainer and (ii) the fees and expenses relating to the Kearney Road Property.

## COMPLIANCE WITH SECTION 504

28.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Gussis.

## NOTICE

29.     Notice of this Application has been provided to the Office of the United States trustee and all counsel of record on the current service list in this case. As such counsel represent substantially all of the creditors of the estate, Shaw Gussis respectfully requests that additional notice of the hearing on this Application be excused for good cause shown pursuant to Fed. R. Bankr. P. 2006(a)(6), 2002(i) and 9007.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto that:

(a)     allows Shaw Gussis $81,543.50 in compensation for the Application Period of March 1, 2006 through July 13, 2006;

---

[5] An advance payment retainer, such as the one Shaw Gussis received here, does not constitute property of the estate and cannot be reached by estate creditors to cover estate expenses. *See, e.g., In re McDonald Bros. Construction*, 114 B.R. 989, 1002 (Bankr. N.D. Ill. 1990). Furthermore, since the retainer is not property of the estate, pursuant to Section 329 of the Bankruptcy Code, Shaw Gussis is only required to disclose this retainer and does not need to seek approval for application of the retainer. *Id.*

(b)	allows Shaw Gussis $5,092.33 in expense reimbursement for the Application Period of March 1, 2006 through July 13, 2006;

(c)	authorizes and directs the Debtor to pay Shaw Gussis the sum of $62,635.83 toward the allowance from available estate funds;

(d)	reaffirms the fees and expenses allowed in the First Order;

(e)	waives other and further notice of this hearing with respect to this Application; and

(f)	provides Shaw Gussis with such additional relief as may be appropriate under the circumstances.

                Respectfully submitted,

                Shaw Gussis Fishman Glantz Wolfson
                &  Towbin LLC, counsel to the Debtor

Dated:  August 10, 2006      By:	Ann E. Stockman
                One of the Debtor's attorneys

Steven B. Towbin (#2848546)
Ann E. Stockman (#6273108)
Shaw Gussis Fishman Glantz
 Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
Telephone:  (312) 541-0151
Facsimile:   (312) 980-3888