**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-54525 |
| ROGER THOMAS BEECHAM, | ) | Hon. John H. Squires |
| | ) | Hearing Date:   June 30, 2011 |
| Debtor. | ) | Hearing Time:   9:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

   **PLEASE TAKE NOTICE** that on **June 30, 2011 at 9:30 a.m.,** or as soon as counsel may be heard, I shall appear before the Honorable John H. Squires, in Room 680, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Sixth and Final Application of Shaw Gussis for Allowance and Payment of Compensation, Reimbursement of Expenses and Related Relief,** a copy of which is hereby served upon you, and shall seek the entry of an order in conformity with said pleading.

   **AT WHICH TIME AND PLACE** you may appear if you so see fit.

                                                            Richard M. Fogel (#3127114)
                                                            Shaw Gussis Fishman Glantz
                                                             Wolfson & Towbin LLC
                                                            321 North Clark Street, Suite 800
                                                            Chicago, Illinois 60654
                                                            (312) 541-0151
                                                            Attorneys for the Trustee

## CERTIFICATE OF SERVICE

   Richard M. Fogel, an attorney, certifies that he caused to be served true copies of the above notice and attached motion upon the attached Service List by first-class U.S. Mail, proper postage prepaid, on June 20, 2011 from 321 North Clark Street, Chicago, Illinois 60654.

                                                              /s/ Richard M. Fogel

## SERVICE LIST

Kathryn M. Gleason
Office of the U.S. Trustee
219 S. Dearborn St., Suite 873
Chicago, IL 60604

R. Thomas Beecham
21229 Lily Lake Lane
Crest Hill, IL  60403

Mark K. Thomas
Proskauer Rose LLP
70 W. Madison Street, Suite 3800
Chicago, IL  60602

August A. Pilati
August A. Pilati and Associates, Ltd.
53 West Jackson Blvd., Suite 528
Chicago, IL 60604

Brown Bark III, L.P.
P.O. Box 1068
Stafford, TX  77497-1068

Wachovia Bank N. A.
P.O. Box 13765
Roanoke, VA 24037

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-54525 |
| ROGER THOMAS BEECHAM, | ) | Hon. John H. Squires |
| | ) | Hearing Date:    June 30, 2011 |
| Debtor. | ) | Hearing Time:    9:30 a.m. |

### SIXTH AND FINAL APPLICATION OF SHAW GUSSIS, COUNSEL TO THE BEECHAM CREDITORS' TRUST, FOR ALLOWANCE AND PAYMENT OF COMPENSATION, REIMBURSEMENT OF EXPENSES AND RELATED RELIEF

Steven B. Towbin and the law firm of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC (collectively, "Shaw Gussis") applies to this Court (the "Application") pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2002(a)(6), 2002(i), 2016(a) and 9007 for the allowance and payment of $3,186.50 in compensation for 12.30 hours of professional services rendered on behalf of Roger Thomas Beecham (the "Debtor"), not individually but as the trustee (the "Trustee") of the Beecham Creditors' Trust (the "Trust"), and for reimbursement of $62.87 for costs incurred incidental to those services during the period of December 1, 2009 to June 15, 2011 (the "Application Period").    In support of this Application, Shaw Gussis respectfully represents as follows:

### BACKGROUND

1.    On October 14, 2005 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-entitled bankruptcy case (the "Case").

2.    On July 13, 2006, this Court confirmed the Debtor's Second Amended Chapter 11 Plan (the "Plan").  The Plan contained provisions for the creation of the Trust, the appointment of the Trustee and the transfer of the Debtor's non-exempt property to the Trust.  The Plan also

{5289 APPL A0293518.DOC}

contained a provision that compensation for the Trustee's professionals would be subject to further order of Court.

3.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4.  On or about October 24, 2005, the Debtor applied to this Court for an order approving the retention of Shaw Gussis as his general bankruptcy counsel in connection with this chapter 11 case. On October 31, 2005, this Court entered an order (the "Retention Order") authorizing the Debtor to employ Shaw Gussis.

## STATUS OF CASE AND SERVICES RENDERED BY SHAW GUSSIS

5.  Since the confirmation of the Plan, the Trustee has continued the orderly liquidation of the non-exempt property of the estate that was transferred to the Trust and continued to resolve claims that were disputed by the Debtor or were contingent and unliquidated[1] at the time of confirmation. The Trustee has made five interim distributions to creditors that aggregate 22.11% of the allowed claims, he is prepared to make a final distribution to creditors and has filed a motion seeking the entry of a final decree.

6.  On April 30, 2007, Shaw Gussis presented an application seeking compensation in the amount of $35,396.00 and reimbursement of expenses in the amount of $746.85 for legal services rendered for the Trustee and the Trust during the period July 14, 2006 through February

---

[1] Several claims involved loan guarantees by the Debtor and Joseph William Giffune, Jr. ("Giffune") and Thomas H. McDonald ("McDonald"), the Debtor's co-shareholders in Jernberg Industries, Inc., Jernberg Sales, Inc. and Iron Mountain Industries LLC (the "Jernberg Companies") and other businesses, for loans made to those businesses. Giffune and McDonald have also filed chapter 11 cases and have confirmed similar plans of liquidation.

{5289 APPL A0293518.DOC}                           2

28, 2007. On May 1, 2007, the Court entered an order awarding compensation in the amount of $35,396.00 and reimbursement of expenses in the amount of $710.85.

7. On September 27, 2007, Shaw Gussis presented a second application seeking compensation in the amount of $16,121.00 and reimbursement of expenses in the amount of $646.66 for legal services rendered for the Trustee and the Trust during the period March 1, 2007 through June 30, 2007. On September 27, 2007, the Court entered an order awarding compensation in the amount of $16,121.00 and reimbursement of expenses in the amount of $571.15.

8. On February 21, 2008, Shaw Gussis presented a third application seeking compensation in the amount of $15,251.44 and reimbursement of expenses in the amount of $105.11 for legal services rendered for the Trustee and the Trust during the period July 1, 2007 through December 30, 2007. On February 21, 2008, the Court entered an order awarding compensation in the amount of $15,251.44 and reimbursement of expenses in the amount of $105.11.

9. On June 11, 2009, Shaw Gussis presented a fourth application seeking compensation in the amount of $8,406.50 and reimbursement of expenses in the amount of $268.02 for legal services rendered for the Trustee and the Trust during the period January 1, 2008 through April 30, 2009. On June 11, 2009, the Court entered an order awarding compensation in the amount of $8,406.50 and reimbursement of expenses in the amount of $268.02

10. On January 21, 2010, Shaw Gussis presented a fifth application seeking compensation in the amount of $1,428.00 and reimbursement of expenses in the amount of $84.25 for legal services rendered for the Trustee and the Trust during the period May 1, 2009

through November 30, 2009. On January 21, 2010, the Court entered an order awarding compensation in the amount of $1,428.00 and reimbursement of expenses in the amount of $84.25.

11. During the current Application Period, Shaw Gussis' attorneys and paraprofessionals have spent 12.30 hours providing professional services on behalf of the Trustee in connection with his administration of the Trust. All of the services for which compensation is requested were services which, in Shaw Gussis' billing judgment, were actual and necessary and were rendered after due consideration of the expected cost and anticipated benefit of such services.

12. The services rendered relate to:

    A. <u>Case Administration</u>, including court appearances and the preparation of the Trustee's post-confirmation operating reports. Shaw Gussis spent 9.70 hours on these services and seeks $2,083.50 for these matters.

    B. <u>Distributions to Creditors</u>, including the preparation of the sixth and final dividend to unsecured creditors. Shaw Gussis spent 0.30 hours on these services and seeks $129.00 for these matters.

    C. <u>Fee Applications</u>, including the preparation of applications, notices, orders and cover sheets for applications for interim compensation for the Trustee's attorneys and accountants. Shaw Gussis spent 1.80 hours on these services and seeks $764.00 for these matters.

    D. <u>Tax Issues</u>, including communications with the Trustee's accountant on various matters. Shaw Gussis spent 0.50 hours on these services and seeks $210.00 for these matters.

13. All of the services for which compensation is requested were rendered in connection with the Case, and related contested matters, and are set forth in detail in the attached <u>Exhibit A</u>. All of the time described in the exhibit represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Gussis who rendered the described services. In certain instances, the time reflected in the exhibit has been

reduced in an effort by Shaw Gussis to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive services. In other instances, the time reflected in the exhibit represents one-third or one-half of the time actually spent if the matter also involved either, or both, the Giffune and McDonald estates.

## SUMMARY OF SERVICES RENDERED BY PROFESSIONAL

14. The lodestar amount of compensation sought with respect to the services set forth above is $3,186.50. In addition, and in accordance with Local Rule 5082-1(B)(1), the total compensation sought for each professional with respect to the aforementioned services can be summarized as follows:

### PROFESSIONAL AND PARAPROFESSIONAL RATE CHART

| *Professional* | *Position* | *Rate* | *Hours* | *Amount* |
|---|---|---|---|---|
| Richard M. Fogel | Of Counsel | $430 | 3.90 | $1,655.00 |
|  |  |  |  |  |
| Patricia M. Fredericks | Paralegal | $185 | 8.40 | 1,531.50 |
|  |  | **Total:** | **12.30** | **$3,186.50** |

15. The hourly rates charged by Shaw Gussis with respect to the Case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Gussis attorneys and paralegals providing services to the Trustee. Further, the amount of time spent by Shaw Gussis with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake and the sophistication and experience of opposing counsel.

16. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the

{5289 APPL A0293518.DOC}           5

performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Gussis respectfully submits that $3,186.50 represents a fair and reasonable amount for the allowance of compensation for the services rendered during the Application Period.

**EXPENSES REQUESTED**

17. All of the expenses for which reimbursement is requested are expenses which Shaw Gussis customarily recoups from all of its clients. The types of costs for which reimbursement is sought are listed below:

| | |
|---|---|
| Internal Photocopy | 10¢ per page |
| Commercial/Court Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Long Distance Telephone | actual cost |
| Local Telephone | no charge |
| Outgoing Facsimiles | no charge |
| Incoming Facsimiles | no charge |
| On Line Legal or Factual Research (Westlaw/Lexis/Pacer) | actual cost |
| Postage - when over $1.00 (no charge for routine postage on items less than $1.00) | actual cost |
| Overnight Delivery (*e.g.*, Federal Express) | actual cost |
| Filing/Recording Fees | actual cost |
| Deposition Costs | actual cost |
| Local and Long Distance Travel | actual cost |

18. All of the expenses for which reimbursement is sought are costs actually borne by Shaw Gussis and were necessarily incurred in connection with this case. As set forth in Exhibit A, Shaw Gussis is requesting the reimbursement of $62.87 for photocopying, postage, messenger

{5289 APPL A0293518.DOC} 6

and travel expenses incurred during the Application Period. As noted previously, all of the expenses for which reimbursement is requested are of the type and amount of expense that Shaw Gussis customarily recoups from all of Shaw Gussis's clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts. As set forth above, certain expenses represents one-third or one-half of the expense actually incurred if the matter also involved either, or both, the Giffune and McDonald estates.

## COMPLIANCE WITH SECTION 504

19. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Gussis and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Gussis.

## NOTICE

20. Notice and a copy of this Application have been provided to the Office of the United States Trustee, all counsel of record and all creditors holding claims in excess of $10,000.00 in accordance with the notice provisions of the Plan. Shaw Gussis respectfully requests that the Court consider such notice to be adequate under the circumstances.

WHEREFORE, Shaw Gussis requests the entry of an order, substantially in the form attached hereto that:

(a) allows Shaw Gussis $3,186.50 in compensation for the Application Period of December 1, 2009 through June 15, 2011;

(b) allows Shaw Gussis $62.87 in expense reimbursement for the Application Period;

(c) authorizes and directs the Trustee to pay Shaw Gussis the sum of $3,249.37 for the allowance from available estate funds;

(d) waives other and further notice of this hearing with respect to this Application; and

(e) provides Shaw Gussis with such additional relief as may be appropriate under the circumstances.

Respectfully submitted,

Shaw Gussis Fishman Glantz Wolfson
 & Towbin LLC, counsel to the Debtor

Dated: June 20, 2011              By:  /s/ Richard M. Fogel
                                       One of the Trustee's attorneys

Steven B. Towbin (#2848546)
Richard M. Fogel (#3127114)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888